The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hedrick. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at and after the hearing as:
STIPULATIONS
1. On 2 April 1991, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant on 2 April 1992.
3. On 2 April 1991, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant. As a result of her injury, plaintiff sustained a herniated disc at the L5-S1 level and a 27.7 percent permanent partial impairment of her back.
4. The issue for determination by the undersigned is whether plaintiff has sustained a change of condition within the meaning of N.C. Gen. Stat. § 97-47.
5. A set of documents attached to the parties' Pre-Trial Agreement, labeled A-M and marked as Stipulated Exhibit Number One, is stipulated into evidence.
6. The undersigned takes judicial notice of the findings of fact and conclusions of law in the 4 September 1992 Opinion and Award entered by Deputy Commissioner Morgan Chapman.
7. The depositions of Robert E. Price, Jr., M.D. and Veeraindar Goli, M.D. are received into evidence.
* * * * * * * * * * *
EVIDENTIARY RULINGS
The objections appearing in the deposition of Dr. Price are OVERRULED.
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the 14 December 1994 hearing before the undersigned, plaintiff was a married, forty-five year old woman. Plaintiff was employed by defendant as an executive assistant.
2. At the time of her compensable injury in April 1991, plaintiff was employed as an administrative assistant at the Fuqua School of Business. As a result her injury, plaintiff underwent surgery on 13 May 1991 and 9 September 1991.
3. Plaintiff returned to work on 5 January 1992. By 4 March 1992 plaintiff had reached maximum medical improvement. Plaintiff sustained a 27.7 percent permanent partial disability of her back as a result of her injury on 2 April 1991. On 4 March 1992, plaintiff did not have significant back or leg pain and had returned to work, performing the usual duties of her position.
4. After 4 March 1992, plaintiff began experiencing increased back and leg pain. Plaintiff's pain gradually increased in severity and frequency until 3 November 1992, when Dr. Price excused her from work through 9 November 1992. Plaintiff's back and leg pain was caused by intraneural scarring that resulted in nerve root irritation. The scarring was a result of her 2 April 1991 injury or her two surgeries.
5. Plaintiff did not sustain a recurrent herniated disc.
6. After 4 March 1992, plaintiff first sought medical treatment for back and leg pain on 29 July 1992. On that date, plaintiff was experiencing pain in her back, buttocks, thigh and calf. Plaintiff was neurologically intact, she had tenderness over her sacroiliac joint and her surgical incision was well healed. Plaintiff was treated with injections of analgesic medications.
7. Thereafter, plaintiff presented to Dr. Price on 12 August 1992 and 27 October 1992 at which time her complaints, and Dr. Price's findings, were substantially the same as they had been on 29 July 1992. Plaintiff was treated for back and leg pain in the emergency room on 1 November 1992.
8. Plaintiff next returned to Dr. Price on 30 March 1993 complaining of back pain. Plaintiff sought treatment for back and leg pain on 9 June 1993, 30 June 1993, and 10 August 1993. On these dates plaintiff was treated with epidural steroid blocks.
9. Plaintiff did not return to Dr. Price again until 1 February 1994. By that date, plaintiff's back and pain had begun to interfere with her normal household activities and she had difficulty sleeping and resting despite her continued use of muscle relaxers and pain medication. Plaintiff again sought treatment on 8 February 1994 due to increased back pain, back spasms and leg pain. Dr. Price excused plaintiff from work and prescribed physical therapy.
10. Plaintiff was admitted to the hospital from 14 February 1994 through 17 February 1994 due to uncontrolled back pain. Plaintiff was released to return to work on 23 February 1994. On 1 March 1994, Dr. Price prescribed therapy for plaintiff in Southwind's Backs at Work rehabilitation program.
11. Plaintiff was evaluated by Southwind on 4 March 1994. She attended therapy sessions on March 10th and 15th. Plaintiff's scheduled therapy was the increased from two to three weekly sessions beginning during the week of March 20th. Plaintiff attended two sessions during the first week of April, two sessions the second week, one session the third week, and one session the fourth week.
12. Plaintiff attended only one session of therapy in the first three weeks of May. As a result of her non-compliance and poor performance, Southwind undertook to discharge plaintiff from the rehabilitation program. Discharge action was held in abeyance until plaintiff could be evaluated by Dr. Price on 24 May 1994.
13. On 24 May 1994, Dr. Price prescribed enrollment in Southwind's CSR program, with continued physical therapy. Plaintiff did not work from 24 May 1994 through 17 June 1994. After 17 June 1994, plaintiff began to work toward a return to full time employment in her position as an administrative assistant, dividing her days between her employment and the Southwind rehabilitation program.
14. Plaintiff worked 10.5 hours during the week of June 20th, 23 hours during the week of June 27th, 17 hours during the week of July 4th, 28.5 hours during the week of July 11th, 28 hours during the week of July 18th, 37 hours during the week of July 25th, and 37 hours during the week of August 1st. From 8 August 1994 through 11 December 1994, plaintiff worked forty hours per week.
15. Plaintiff was discharged from the Southwind rehabilitation program on 28 July 1994. Prior to discharge, plaintiff's treatment team reviewed a description of her position with defendant and determined that the position was consistent with her functional capacity. Plaintiff has not sought treatment for back or leg pain from Dr. Price since 6 September 1994.
16. After 4 March 1992, plaintiff experienced depression. The evidence of record is insufficient to prove by its greater weight that her depression was caused by her compensable injury.
17. From 4 March 1992 through 8 August 1994, plaintiff's back and leg pain fluctuated. At times plaintiff's pain subsided for periods of up to six months, during which times plaintiff was not hindered in her ability to earn wages with defendant. On other occasions, plaintiff's pain would increase, preventing plaintiff from performing her usual household activities and rendering her incapable of earning wages with defendant.
18. The periods during which plaintiff's pain rendered her incapable, or partially incapable of working were from 3 November 1992 through 9 November 1992, 8 February 1994 through 23 February 1994, 24 May 1994 through 16 June 1994. Plaintiff worked only part-time from 17 June 1994 through 8 August 1994.
19. Plaintiff's inability, or partial inability to work during these periods resulted from temporary increases in her back and leg pain. The periods of increased pain were described by plaintiff's physicians as "flare-ups". Dr. Price's determination that plaintiff had a 27.7 percent permanent partial disability of her back on 4 March 1992 was based upon his prognosis that plaintiff would have "flare-ups" of pain in the future. Plaintiff's permanent partial disability of her back has not increased.
20. Although plaintiff has sustained periodic "flare ups" of pain, she has not sustained a substantial change of condition.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
Plaintiff did not sustain a substantial change of condition. Therefore, plaintiff is entitled to no additional disability compensation under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-47; Pratt v. Upholstery Co.,252 N.C. 716, 115 S.E.2d 27 (1960).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs, except that defendant shall pay Dr. Price an expert witness fee in the amount of $500.00, if not already paid.
 S/ ______________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING:
S/ ______________________________ BERNADINE S. BALLANCE COMMISSIONER